1  SEDGWICK, DETERT, MORAN & ARNOLD LLP
   Ralph A. Campillo (Bar No. 70376)
2  ralph.campillo@sdma.com
   Matthew A. Reed (Bar No. 239509)
3  matthew.reed@sdma.com
   801 South Figueroa Street, 19th Floor
4  Los Angeles, California 90017-5556
   Telephone: (213) 426-6900
5  Facsimile: (213) 426-6921

6  Deborah E. Lewis (Texas State Bar No.  12275232)
   SEDGWICK, DETERT, MORAN & ARNOLD, LLP
7  1717 Main Street, Suite 5400
   Dallas, Texas  75201
8  Telephone: (469) 227-4680
   Facsimile: (469) 227-8004
9  (Admitted Pro Hac Vice)

10 Attorneys for Defendant
   ALCON LABORATORIES, INC.

11

12              **UNITED STATES DISTRICT COURT**

13              **CENTRAL DISTRICT OF CALIFORNIA**

14

15

16  KATHY ALLEN,                          Case No. ED CV 09-00792-SGL(VBKx)

17              Plaintiff,

18       vs.                              **PROTECTIVE ORDER**

19

20  ALCON LABORATORIES, INC.,
    et al.,
21
                Defendants.
22

23

24

25

26

27

28  / / /

1

Case No. ED CV 09-00792-SGL(VBKx)

LA/928304v1

1

## **PROTECTIVE ORDER**

2      Having come before the Court by stipulation and agreement of Defendant

3  Alcon Laboratories, Inc. and Plaintiff Kathy Allen, the Court finds good cause

4  exists for the entry of the following Protective Order:

5      The discovery sought by Plaintiff Kathy Allen in the above-entitled product

6  liability case is likely to involve the production of documents and things containing

7  business, competitive, proprietary, trade secret or other information of a sensitive

8  nature concerning Alcon Laboratories, Inc. (or of another entity or corporation

9  which information Alcon Laboratories, Inc. is under a duty to maintain in

10  confidence).  Such proprietary, trade secret, business and competitive information

11  expected to be produced during discovery may and/or will include product

12  manufacturing documents and specifications, product testing analyses and/or data,

13  product design, etc.  Such information is hereafter referred to as "Confidential."

14      The discovery sought by Alcon Laboratories, Inc. in the above-entitled

15  product liability personal injury case will involve the production of Plaintiff's

16  medical records.  Such medical records and protected health information are

17  subject to protection under the Health Insurance Portability and Accountability Act

18  of 1996 (HIPAA).  *See* C.F.R § 164.512(e).

19      Accordingly, the parties having agreed to enter into this Stipulated

20  Protective Order ("the Order") to govern the production of documents and

21  testimony that contain "Confidential" information from Alcon Laboratories, Inc.,

22  and to govern the production of Plaintiff's medical records, and for good cause

23  shown, the Court hereby ORDERS as follows:

24

### **Admissibility of Confidential Information**

25      This Order shall not be construed to affect or govern the admissibility or use

26  of any "Confidential" information or documents or Plaintiff's medical records at

27  trial or any court hearing.  Any party's request for confidentiality or sealing of any

28  hearing or trial shall be made to the Judge presiding over that proceeding.

2

Case No. ED CV 09-00792-SGL(VBKx)

LA/928304v1

**Designation of Confidential Information**

*Designation of Material.*  Documents and other things claimed to be "Confidential" or to contain "Confidential" information shall, prior to production, be reviewed by Alcon Laboratories, Inc.'s counsel for a determination that the "Confidential" designation is based on a good faith belief that the documents are confidential or otherwise entitled to protection under Federal Rule of Civil Procedure 26(c)(7) or by law.  The designated documents shall be marked by Alcon Laboratories, Inc. as "Confidential."  Placement of the "Confidential" designation on each protected page or on the initial page of the protected document when it is produced shall constitute notice and shall designate the documents as Confidential material.  Copies, extracts, summaries, notes, and other derivatives of Confidential material also shall be deemed Confidential material and shall be subject to provisions of this Order.

*Subsequent Designation.*  Documents and/or materials produced in the litigation that are not identified as "Confidential" when they were initially produced may, within a reasonable time thereafter, be designated as "Confidential" by Alcon Laboratories, Inc., or by any person or entity that may be involved. Plaintiff, and any other persons who receive such written notice, shall endeavor to retrieve any "Confidential" documents that may have been disseminated, shall affix a "Confidential" designation to them, and shall thereafter distribute the documents only as allowed by this Order.  No distribution prior to the receipt of such written notice shall be deemed a violation of this Order.

*Designation of Depositions.*  Depositions or portions thereof upon oral or written questions may be classified as "Confidential" either by Alcon Laboratories, Inc.'s attorneys or by an attorney defending or attending the deposition.  If Alcon Laboratories, Inc.'s counsel claims that a deposition or any portion thereof contains Confidential information, Alcon Laboratories, Inc.'s counsel shall give notice of such claim to Plaintiff and any other persons either prior to or during the

Case No. ED CV 09-00792-SGL(VBKx)

LA/928304v1

1  deposition, or within twenty-eight (28) days after receipt of the deposition

2  transcript, and the testimony taken and the transcript of such deposition or portion

3  thereof shall be designated as "Confidential."  Documents designated as

4  "Confidential" may be discussed during a deposition, and if marked as exhibits

5  shall be sealed by the court reporter in a separate envelope at the conclusion of the

6  deposition and shall not be attached to the deposition transcript.  The court reporter

7  shall insert a single sheet of paper stating that "Confidential" documents were

8  marked as an exhibit but not attached.

9      *Modification of Designation.*  The designation of "Confidential" by Alcon

10  Laboratories, Inc.'s counsel shall not be determinative and may be modified or

11  eliminated at any time in one of the two ways as explained below:

12      (1)    Alcon Laboratories, Inc. may agree in writing to downgrade or

13  eliminate the "Confidential" designation concerning any material it produced.

14      (2)    If the parties cannot agree as to the designation of any particular

15  information or material after good faith discussion, Plaintiff shall object to the

16  designation of particular "Confidential" documents and/or information by

17  providing written notice to Alcon Laboratories, Inc.  The written notice shall

18  identify the information and documents to which the objection is made.  If the

19  parties cannot resolve the objection within ten (10) business days after the time the

20  notice is received, Alcon Laboratories, Inc. shall file an appropriate motion

21  requesting that the court determine whether the disputed document(s) or

22  information should be subject to the terms of this Protective Order.  If such a

23  motion is filed, the disputed "Confidential" documents or information shall be

24  treated as Confidential under the terms of this Protective Order until the Court

25  rules on the motion.  If Alcon Laboratories, Inc. fails to file such a motion within

26  the prescribed time, the disputed document(s) or information shall lose its

27  designation as "Confidential" and shall not thereafter be treated as "Confidential"

28  in accordance with this Protective Order.  In connection with a motion filed under

4

Case No. ED CV 09-00792-SGL(VBKx)

LA/928304v1

1   this provision, Alcon Laboratories, Inc. shall bear the burden of establishing that

2   good cause exists for the disputed documents or information to be treated as

3   "Confidential".

**Access To Confidential Information**

5       *General Access.*  Except as otherwise expressly provided or ordered by the

6   Court, "Confidential" documents may be disclosed only as follows:

7           (1)     To Plaintiff and Plaintiff's counsel (and secretaries, paralegals,

8   and other staff employed in the offices of Plaintiff's counsel who are working on

9   the litigation).  Plaintiff's counsel further agrees that anyone working in his or her

10  offices will be familiarized with the terms of this Order and instructed that they are

11  bound by the Order to the same extent that Plaintiff's counsel is bound by the

12  Order.

13          (2)     To court reporters transcribing a deposition, hearing, or other

14  proceeding in this matter.

15          (3)     To Plaintiff's experts and consultants (meaning a person who is

16  retained by Plaintiff's counsel in good faith for the purpose of assisting in this

17  litigation).   Before the disclosure of "Confidential" documents marked as

18  "Confidential" to Plaintiff's expert and consultants, Plaintiff's counsel

19  acknowledges that the experts and/or consultants who receive such "Confidential"

20  documents have received a copy of this Order and agree to its terms.  Plaintiff's

21  experts and consultants agree, in advance, to be bound by this Order by executing

22  an Acknowledgement in the form attached to this Order as Exhibit A.  Plaintiff's

23  experts  and/or  consultants  shall  not  copy  any  documents  designated

24  "Confidential," and shall not disclose such documents or information to any person

25  or entity not authorized under this Order to view Confidential information.

26          (4)     Plaintiff's counsel shall maintain a list of names of each expert

27  and consultant to whom "Confidential" documents have been disclosed.  A list of

28  testifying experts to whom "Confidential" documents have been disclosed shall be

Case No. ED CV 09-00792-SGL(VBKx)

LA/928304v1

1   made available to Alcon Laboratories, Inc.'s counsel at the conclusion of this

2   litigation.

3       (5)    Plaintiff, Plaintiff's counsel, technical consultants and/or

4   experts shall not advertise or otherwise publish that they have "Confidential"

5   documents obtained from Alcon Laboratories, Inc. through discovery in this case,

6   whether described specifically or generally.

7       (6)    Plaintiff, Plaintiff's counsel, technical consultants and/or

8   experts shall not otherwise sell, offer, advertise, publicize nor provide under any

9   condition, the "Confidential" documents, materials or information provided by

10   Alcon Laboratories, Inc. to any competitor of Alcon Laboratories, Inc. or others

11   who might exploit the materials and information for economic gain.

12       (7)    The persons to whom the "Confidential" documents are

13   disclosed or discussed shall agree to the jurisdiction of the United States District

14   Court for the Central District of California over their person for the purposes of

15   any action seeking to enforce the terms and conditions of this Order, or any action

16   for contempt for violation of the terms of the Order.

17       *No Copies/Notes*.  Except for internal use only by Plaintiff, for Court and

18   deposition copies, and for such use as is expressly permitted under the terms of this

19   Order, no person granted access to "Confidential" documents shall make copies,

20   reproductions, transcripts, or facsimiles of the same or any portion thereof, or shall

21   take notes on or otherwise summarize the contents of such "Confidential"

22   documents.

23       *Privacy of Patient Information.*  Some of the Confidential documents Alcon

24   Laboratories, Inc. will produce may and/or will contain information concerning

25   patient or claimant identification, patient or claimant complaints and/or patient or

26   claimant diagnoses and medical conditions.  Such information is private,

27   confidential, subject to HIPAA laws and regulations, and should be protected from

28   disclosure.  Consequently, Alcon Laboratories, Inc. may redact certain private

Case No. ED CV 09-00792-SGL(VBKx)

LA/928304v1

1  information concerning patient or claimant identification, medical conditions and

2  diagnoses.  Any persons described above who will have access to such

3  Confidential documents produced by Alcon Laboratories, Inc. pursuant to this

4  protective order shall not disclose or publish any private or confidential

5  information about other patients or claimants.

6      *Disputes Over Access.*  If a dispute arises as to whether a particular person

7  should be granted access to "Confidential" documents, Plaintiff may move the

8  Court to permit the disclosure and must obtain an order of the Court before

9  disclosing the information.

10      **Use of Confidential Information**

11      *Use in This Litigation Only.*  Plaintiff and any other person authorized to

12  have access may use "Confidential" documents only for purposes of this litigation.

13  Each person to whom the disclosure of any "Confidential" documents is made shall

14  not, directly or indirectly use, disclose, or disseminate, or attempt to use, disclose,

15  or disseminate, any of the same except as expressly provided by this Order.

16      *Use at Depositions.*  If "Confidential" documents or information is to be

17  discussed or disclosed during a deposition, Alcon Laboratories, Inc.'s counsel shall

18  have the right to exclude from attendance at the deposition, during the time the

19  Confidential information is to be discussed, any person not entitled under this

20  Order to receive the Confidential information.

21      *Use at Court Hearings and Trial.*  Subject to the Federal Rules of Evidence,

22  "Confidential" documents or information may be offered into evidence at trial or at

23  any hearing or oral argument, provided that the proponent of the evidence

24  containing Confidential information gives reasonable advance notice to the Court

25  and Alcon Laboratories, Inc.  Any party may move the Court for an order that the

26  evidence be received in camera or under other conditions to prevent unnecessary

27  disclosure.

28      *Filing Under Seal.*  Any party may file a motion, based on compelling

7

Case No. ED CV 09-00792-SGL(VBKx)

LA/928304v1

1   reasons, that documents that contain Confidential information be filed under seal

2   pursuant to the Federal Rules of Civil Procedure.

3       *Reasonable Precautions.*  Plaintiff's counsel shall take all reasonable

4   precautions to prevent unauthorized or inadvertent disclosure of any "Confidential"

5   documents.  Plaintiff shall return to Alcon Laboratories, Inc.'s counsel all

6   documents and items constituting, containing, or reflecting Confidential documents

7   and information at the end of this litigation.

8   **Other Provisions**

9       *Return After Litigation.*  Within thirty (30) days of the final termination of

10  this litigation by judgment, appeal, settlement or otherwise, or sooner if so ordered

11  by the Court, Plaintiff shall return to Alcon Laboratories, Inc.'s counsel, Sedgwick,

12  Detert, Moran & Arnold, LLP, the documents or other information (including all

13  copies) produced pursuant to this Order.

14      *Miscellaneous.*  This Order shall apply to the production of all materials

15  whether or not such materials are informally produced or produced in response to

16  initial disclosures or a formal discovery request or a Court order in this litigation.

17  This Order shall also apply to any disclosure of, and protects the confidentiality of,

18  the residential addresses and social security numbers of any and all current and

19  former employees of Alcon Laboratories, Inc., and their agents or affiliates.

20  Plaintiff shall not disclose or publish any residential addresses or social security

21  numbers of current or former employees found in any Alcon Laboratories, Inc.

22  documents.

23  **Use of Plaintiff's Medical Records**

24      Any of Plaintiff's medical records and protected health information

25  contained therein produced in this case shall not be disclosed or used except for

26  purposes of this litigation.  Any treating physicians, expert witnesses and/or

27  consultants retained by either party shall have access to and may review Plaintiff's

28  medical records and protected health information, and shall not disclose such

8

Case No. ED CV 09-00792-SGL(VBKx)

LA/928304v1

1  information except for the purposes of this litigation, which may include the

2  preparation of expert reports, deposition testimony and/or trial testimony.  At the

3  conclusion of this lawsuit, whether by trial or otherwise, Plaintiff's medical records

4  shall be returned to Plaintiff's counsel or shall be destroyed in compliance with 45

5  C.F.R. § 164.512(e)(1)(v).

6

7

8

9

10  IT IS SO ORDERED.

11

12  DATED: __August 27, 2009__              _____Victor B. Kenton__

13                                          MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. ED CV 09-00792-SGL(VBKx)

LA/928304v1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# <u>EXHIBIT A</u>

## CONFIDENTIALITY

## UNDERTAKING

The undersigned hereby acknowledges that he or she (1) has read the "Protective Order" entered on _____, 2009, in the case now pending in the United States District Court for the Central District of California, entitled *Kathy Allen v. Alcon Laboratories, Inc., et al.*, Case No. ED CV 09-00792-SGL(VBKx); (2) understands the terms thereof; (3) agrees to be bound by such terms; and (4) at the termination of the proceedings, will cause the return of all of such documents, including all copies or notes thereof, to the counsel for the party who produced such documents.

_____       _____
Date                                                                                       Signature

Case No. ED CV 09-00792-SGL(VBKx)

LA/928304v1